UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-10053 |
| ) | |
| CLIFTON ROBINSON, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND OPINION**

This matter is now before the Court on Defendant Clifton Robinson's Amended Motion for Compassionate Release requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 264). For the reasons stated below, his Amended Motion is DENIED.

**BACKGROUND**

Following a bench trial in May 2018, this Court found Defendant guilty of conspiracy to defraud the government, wire fraud, mail fraud, and aggravated identity theft, as alleged in Counts One through Sixteen of the Superseding Indictment. (d/e 5/18/2018). The Court sentenced Defendant to 63 months' imprisonment on Counts One through Fourteen, to run concurrently, and to 24 months' imprisonment on Counts Fifteen and Sixteen. The sentence on Count Fifteen was to run consecutively to the sentences on Counts One through Fourteen and Sixteen. As to Count Sixteen, 12 months of the sentence was to run consecutively to Counts One through Fifteen, while the remaining 12 months was to run concurrently. (d/e 10/30/2018; ECF No. 181).

Defendant filed his first Motion for Compassionate Release in May 2020. (ECF No. 225; ECF No. 227). The Court denied his motion during a hearing on June 18, 2020. (d/e 6/18/2020).

Defendant has filed multiple requests for compassionate release since then. This Court denied each request because (1) he failed to demonstrate extraordinary and compelling reasons for a sentence reduction and (2) the factors under 18 U.S.C. § 3553(a) weighed against release.

On November 29, 2021, Defendant filed a Renewed Emergency Motion for Compassionate Release to serve as a caregiver for his ailing mother and based on his underlying health conditions. (ECF No. 260). The Court appointed the Federal Public Defender to represent him. (d/e 11/30/2021). Counsel filed an Amended Motion for Compassionate Release on December 13, 2021. (ECF No. 264). The Government filed a Response on December 20, 2021. (ECF No. 266). This Order follows.

## LEGAL STANDARD

Before filing a motion for compassionate release, a defendant is required to first request that the Bureau of Prisons (BOP) file a motion on his or her behalf. § 3582(c)(1)(A). A court may grant a motion only if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

The compassionate release statute directs the Court to make three considerations: (1) whether extraordinary and compelling reasons warrant a sentence reduction; (2) whether a reduction is consistent with the factors listed in 18 U.S.C. § 3553(a); and (3) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1). The Seventh Circuit provided further instruction regarding the proper analysis when evaluating a motion for a discretionary sentencing reduction under § 3582(c)(1)(A) based on

"extraordinary and compelling" reasons, which includes two steps. *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021).

> At step one, the prisoner must identify an "extraordinary and compelling" reason warranting a sentence reduction…. Upon a finding that the prisoner has supplied such a reason, the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner.

*Id.* The Seventh Circuit also held that "because the Guidelines Manual lacks an applicable policy statement, the trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). This Court is therefore not bound by the Sentencing Commission's analysis in § 1B1.13 or the application notes regarding the definition of "extraordinary and compelling reasons." *Id*. at 1181.

## DISCUSSION

### I. Exhaustion of Administrative Remedies

Defendant claims that he exhausted his administrative remedies because he submitted a request for compassionate release to the warden in 2020. (ECF No. 264 at 2-3). The Government argues this demonstrates that compassionate release is unwarranted because Defendant's circumstances have not changed since submitting his first request. (ECF No. 266 at 6). For purposes of this Motion, the Court finds that the exhaustion requirement has been met and addresses this matter on the merits.

### II. Extraordinary and Compelling Reasons for a Reduction

#### A. FCI Milan

Defendant is currently incarcerated at Federal Correctional Institution (FCI) Milan in Milan, Michigan. (ECF No. 264 at 2). His projected release date is February 21, 2024. *Id*. At FCI Milan, 1024 inmates and 200 staff members are fully vaccinated. No inmates and two staff

members are positive for COVID-19. *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited on Dec. 21, 2021). There have been three inmate and no staff deaths. *Id*.

### B. Defendant's Health and Vaccination Status

Defendant argues that compassionate release is warranted because he suffers from depression, asthma, prediabetes, glaucoma, and dental issues. (ECF No. 264 at 2). He argues that his medical conditions place him at higher risk of severe illness from COVID-19, especially due to the recent Omicron variant. *Id*. at 5. Despite his medical conditions and fear of contracting the virus, Defendant declined the Pfizer-BioNTech COVID-19 vaccine when it was offered to him on June 2, 2021. (ECF No. 266 at 2; ECF No. 266-1 at 1). Defendant did not provide any explanation in his Motion or evidence that a medical professional has ever recommended that he not receive the vaccine.

Once a vaccine is available to an inmate, compassionate release is not warranted based on the threat of COVID-19 alone. *See United States v. Reed*, 2021 WL 2681498, at *4 (E.D. Pa. June 30, 2021) ("Now that COVID-19 vaccinations are being administered throughout the Bureau of Prisons, compassionate release motions [based on COVID-19] generally lack merit."). Courts routinely deny compassionate release to inmates who decline vaccination. As the Seventh Circuit has stated:

> [A] prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an "extraordinary and compelling" justification for release. The risk is self-incurred. . . . The federal judiciary need not accept a prisoner's self-diagnosed skepticism about the COVID-19 vaccines as an adequate explanation for remaining unvaccinated, when the responsible agencies all deem vaccination safe and effective . . . . A prisoner who can show that he is unable to receive or benefit from a vaccine still may turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an "extraordinary and compelling" reason for immediate release.

*United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021); *see also United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021).

As this Court has previously held, it is "inconsistent for [a defendant] to both claim fear of risk of contracting the virus while refusing medical treatment that would drastically reduce his risk." *United States v. Garcia*, 2021 WL 1499312, at *3 (C.D. Ill. Apr. 16, 2021). In other words, a defendant "cannot, on the one hand, listen to the Centers for Disease Control's advice about who is most at risk of serious illness, but then ignore the same agency's advice to get a vaccine." *United States v. BaptisteHarris*, 2021 WL 1583081, at *2 (D. Me. Apr. 22, 2021). Consequently, a refusal to be vaccinated "weighs against a finding of extraordinary and compelling circumstance to justify relief." *Garcia*, 2021 WL 1499312, at *3.

This Court finds that Defendant has failed to establish an extraordinary and compelling reason for compassionate release. He cannot simultaneously claim that he is at high risk for the virus and may face severe complications and yet refuse the vaccination.

### C. Defendant's Mother's Health

Defendant also requests compassionate release to serve as a caregiver for his ailing mother. He states that she is unable to live on her own and care for herself and that he is the only familial caregiver available. (ECF No. 264 at 5).

As of December 6, 2021, Defendant's mother was a patient at the Cook County Hospital. (ECF No. 266 at 7). According to Defendant's aunt, the hospital was attempting to place the Defendant's mother in an assisted living facility or find someone for her to live with. *Id*.

The Sentencing Commission's policy statement regarding family issues provides, in relevant part, that extraordinary and compelling circumstances may exist in the event of:

(C) Family Circumstances. –

    (i)      The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii)     The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or the registered partner.

U.S.S.G. § 1B1.13 n.1. Defendant's family circumstances regarding his mother's health does not fit within the Sentencing Commission's policy statement. There is no documentation to suggest that Defendant is the only possible caregiver for his mother. Defendant's mother is hospitalized and there were discussions of moving her to an assisted living facility. (ECF No. 263 at 1). Defendant's release plan indicates that he has other relatives who could be called upon for assistance. *Id*. Therefore, his Amended Motion is DENIED.

### III.    Section 3553(a) Factors

This Court previously found the § 3553(a) factors did not support a sentence reduction. (ECF No. 235 at 18; ECF No. 236 at 2). The Court relies upon and incorporates its prior findings for purposes of this Order and again finds that a reduction is unwarranted under § 3553(a).

### CONCLUSION

Defendant's Amended Motion for Compassionate Release [264] is DENIED and his *pro se* Renewed Emergency Motion for Compassionate Release [260] is MOOT.

ENTERED this 22nd day of December, 2021.

                                                  s/ Michael M. Mihm
                                                Michael M. Mihm
                                                United States District Judge